IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **BRUCE M. ANDERSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civ. No. 2:14-cv-426 |
| V. | § | |
| | § | JURY DEMANDED |
| **STATE OF TEXAS AND ROGELIO VALDEZ,** | § | |
| | § | |
| | § | |
| *Defendants.* | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Bruce M. Anderson files this Original Complaint against Defendants State of Texas and Rogelio Valdez, In His Individual Capacity (collectively, "Defendants"), and would show as follows:

### I.   PARTIES

1. Plaintiff Bruce M. Anderson is an individual residing in Nueces County, Texas.

2. Defendant State of Texas may be served through the Texas Secretary of State, The Honorable Nandita Berry, at 1100 Congress, Capitol Bldg., Room 1E.8, Austin, Texas 78701.

3. Defendant Rogelio Valdez is an individual, who may be served at his principal place of business, 100 E. Cano, 5th Floor, Edinburg, Texas 78539.

### II.   JURISDICTION AND VENUE

4. This case is brought under 42 U.S.C. § 1983.

5. This Court has jurisdiction over this matter according to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, and 42 U.S.C. § 1983.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in the District.

## III.     FACTUAL ALLEGATIONS

7.     Bruce Anderson is an attorney, who has been licensed to practice law in the state of Texas since 1984.  After Anderson served approximately two years as an Assistant Criminal District Attorney in Hidalgo County, the Thirteenth Court of Appeals hired Anderson as a Briefing Attorney on April 1, 1988.  Because of Anderson's productivity and success as a Briefing Attorney, the Thirteenth Court of Appeals promoted Anderson over the course of eight years from a Briefing Attorney to a Senior Briefing Attorney, and later to a Research Attorney.

8.     In 1996, Justice J. Bonner Dorsey of the Thirteenth Court of Appeals hired Anderson as a Staff Attorney, and Anderson served in this position until Justice Dorsey's retirement on December 31, 2002.  Shortly after Justice Dorsey's retirement, Anderson was hired by Nueces County as an Assistant District Attorney, and Anderson served in this position from March 2003 until December 31, 2006.

9.     On January 1, 2007, Justice Rose Vela of the Thirteenth Court of Appeals hired Anderson as a Briefing Attorney, and Anderson served in this position until Justice Vela retired from the Court on December 31, 2012.

10.     In early 2012, Justice Vela asked Anderson to come into her office for a meeting. During this meeting, Justice Vela told Anderson that she had concerns about the conduct of Rogelio Valdez, Chief Justice of the Thirteenth Court of Appeals.  Specifically, Justice Vela told Anderson that she had examined the Court's financial records concerning its Filing Fee Fund[1] and Chief Justice Valdez's campaign finance records, and concluded that Chief Justice Valdez had been obtaining double reimbursements from both the Court's Filing Fee Fund and his political

---

[1] The "Filing Fee Fund" refers to the funds the Court collects each time a party pays a filing fee.  *See* http://www.13thcoa.courts.state.tx.us./court/fees.asp (listing the fees the Thirteenth Court of Appeals charges for filing various motions and briefs).

campaign for the same travel expenses.  Because of Anderson's experience in criminal law, Justice Vela asked Anderson whether Valdez's conduct violated any state laws.  Anderson told Justice Vela that he believed Chief Justice Valdez's conduct may be an Abuse of Official Capacity under Chapter 39.02 of the Texas Penal Code.

11. Anderson was disturbed by the possibility that the sitting Chief Justice of the Thirteenth Court of Appeals had violated Texas law.  Therefore, on or about October 10, 2012, Anderson wrote a letter to the Honorable Wallace Jefferson, who was then the Chief Justice of The Supreme Court of Texas.  In his letter, Anderson indicated that he had "concerns [about] the possible violation of the Texas Penal Code by Rogelio Valdez, who is the current Chief Justice of the 13th Court of Appeals," and that he was reporting it to Chief Justice Jefferson because he "did not know who else to report it to."  Anderson inquired in his letter as to the person or agency responsible for investigating such allegations, and asked Chief Justice Jefferson to keep the letter confidential because Anderson was concerned that he would be retaliated against if anyone at the Thirteenth Court of Appeals learned that he "was revealing possible damaging information about Chief Justice Valdez's handling of the court's finances."

12. On October 23, 2012, the General Counsel for The Supreme Court of Texas Jennifer L. Cafferty responded to Anderson's letter, and informed him that his concerns about Chief Justice Valdez may be reported to the State Commission on Judicial Conduct and/or local law enforcement.  Therefore, on October 30, 2012, Anderson sent a letter to the State Commission on Judicial Conduct, which was nearly identical to the letter he previously sent to Chief Justice Jefferson.  The State Commission on Judicial Conduct responded to Anderson's letter on November 13, 2012, and indicated that it would commence an investigation into the allegations contained in Anderson's letter.

13. After Anderson filed his complaints with The Supreme Court of Texas and the State Commission on Judicial Conduct concerning the potentially criminal conduct of Chief Justice Valdez, Anderson has been retaliated against by the State of Texas and Chief Justice Valdez. Specifically, in April 2014, Anderson applied for a Senior Staff Attorney position with Justice Gregory T. Perkes on the Thirteenth Court of Appeals. On or about May 2, 2014, Justice Perkes interviewed Anderson, and told Anderson that he was the most qualified of all the applicants. Justice Perkes then told Anderson that, "the job is yours if you want it." Anderson quickly replied, "I'll take it." Justice Perkes and Anderson then agreed that Anderson would start on May 12, 2014, and that Anderson's annual salary would be approximately $80,000.

14. On or about May 8, 2014, however, Anderson received a call from an agent of the Thirteenth Court of Appeals, who informed him that despite his acceptance of Justice Perkes's offer on May 2, 2014, Anderson did not have a job with the Court. The agent did not provide any reason for the rescission of Anderson's employment agreement. On May 12, 2014, however, Justice Perkes told Anderson in words or substance that, because Anderson gave testimony against the Chief, the Chief told all of the Justices not to allow Anderson to work for Justice Perkes. Anderson later learned that at some point between May 2, 2014 and May 8, 2014, Chief Justice Valdez convened a meeting, wherein he asked all six justices on the Thirteenth Court of Appeals to vote on whether Anderson should be permitted to work for Justice Perkes. Notably, Chief Justice Valdez's action in intervening with Justice Perkes's hiring of Anderson violated the Court's practice and procedure of allowing each justice to making all hiring decisions related to their individual chambers.

*1st Amendment – via 42 U.S.C. § 1983*

15. The preceding paragraphs are incorporated herein for all purposes.

16. Defendants violated Plaintiff's right to free speech guaranteed by the First Amendment to the United States Constitution.

17. Plaintiff made complaints to The Supreme Court of Texas and the State Commission on Judicial Conduct, outside of his official duties as a public employee, concerning a matter of public concern—namely, that Chief Justice Valdez may have been violating state law by taking double reimbursements from his judicial campaign and court funds for the same travel expenses. Defendants retaliated against Plaintiff by, among other things, refusing to hire him as the Senior Staff Attorney for Justice Perkes.

18. Plaintiff's interest in making these statements outweighs any interest of Defendant in promoting the efficient operation and administration of government services.

19. The aforementioned adverse employment action occurred because Plaintiff exercised his right to free speech on a matter of public concern under the United States Constitution. That is, Plaintiff's speech was a substantial and motivating factor in Defendants' decisions against Plaintiff, including his termination and the refusal to hire him as the Senior Staff Attorney for Justice Perkes.

20. The aforementioned deprivations were done under color of state law, ordinance, regulation and custom or usage. Defendants are liable because their actions were committed while acting under color of state law. Defendants knew or should have known and/or were deliberately indifferent to, the violation of Plaintiff's rights.

21. Defendant State of Texas is liable because Plaintiff's injuries were caused by the unconstitutional actions of state policymakers and/or a state policy. Specifically, the actions taken against Plaintiff, including, but not limited to termination and/or refusal to hire, were taken by officials with final policymaking authority.

22. Defendant Valdez is liable because the law prohibiting retaliation for speaking out about matters of public concern is clearly established and Defendant Valdez knew or should have known that taking the subject actions against Plaintiff because of him speaking out about matters of public concern was a violation of Plaintiff's clearly established constitutional rights.

## DAMAGES

23. The preceding paragraphs are incorporated herein for all purposes.

24. The damages suffered by Plaintiff include actual and compensatory damages for the injuries he suffered at the hands of Defendants, including, but not limited to, his economic damages, mental anguish and the emotional effects that the retaliation have had and continue to have on him.

25. Further, because Defendants' actions were of the sort that render the imposition of exemplary damages appropriate, Plaintiff is entitled to an award of these damages.

## JURY DEMAND

26. Plaintiff demands a trial by jury.

## CONDITIONS PRECEDENT/ADMINSTRATIVE REMEDIES EXHAUSTED

27. All conditions precedent have been performed or have occurred, and all administrative remedies have been exhausted.

## RELIEF REQUESTED

28. Plaintiff requests this Court to enter a judgment:

   a. Declaring the acts and practices complained of in this Complaint are in violation of 42 U.S.C. § 1983;

   b. Enjoining and permanently restraining these violations of 42 U.S.C. § 1983;

   c. Directing Defendants, jointly and severally, to pay Plaintiff actual and compensatory damages that he suffered, past and future, in amounts that have yet to be ascertained;

    d. Awarding Plaintiff pre-judgment interest on amounts owed at the maximum rate allowed by law;

    e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and expert witness fees;

    f. Awarding Plaintiff post-judgment interest on the amount of judgment until paid at the maximum rate allowed by law; and

    g. Awarding Plaintiff such other relief, legal or equitable, to which he may be justly entitled.

Respectfully submitted,

/s/ Lawrence Morales II_____
Lawrence Morales II
State Bar No. 24051077
S.D. Tex. No. 641561
ATTORNEY-IN-CHARGE
Allison Sarah Hartry
State Bar. No. 24083149
S.D. Tex. No. 2365118
**THE MORALES FIRM, P.C.**
115 Travis, Suite 1530
San Antonio, Texas 78205
Telephone No. (210) 225-0811
Facsimile No. (210) 225-0821
lawrence@themoralesfirm.com

*ATTORNEYS FOR PLAINTIFF*